No. 5975.

## HENRY E. BYRNES vs. JOSEPH A. COOK.

### Syllabus.

1. A contract should not be construed as imposing a penalty unless clearly susceptible to such an interpretation.

2. The penalty or forfeiture prescribed in an agreement may be modified or abated by the Court, when the principal obligation has been partly executed, except in case of a contrary agreement.

    *R. C. C.,* 2127.

3. The Court may condemn for the costs a defendant who unsuccessfully questions and resists his former partner's right to secure an accounting in a proceeding instituted for that purpose.

Appeal from the Civil District Court, Parish of Orleans, Division ''E,'' No. 100,121. Hon. G. H. Theard, Judge.

John J. Reilley, for plaintiff.

H. W. Robertson, for defendant and appellee.

E. A. O'Sullivan, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows.

The parties hereto formed the partnership of Henry E. Byrnes & Co., in August, 1907, for the purpose of carrying out a street contract originally sublet to plaintiff by the Concrete Construction Company; and the present suit is for an accounting of the partnership affairs.

The main defense of Cook, the defendant, and the one sustained by the trial Court, is to the effect that plaintiff forfeited all interest in the partnership and all right to

— 113 —

participate in its assets and profits, by reason of having violated the terms of a subsequent agreement, entered into as supplementary to the partnership contract in May, 1908.

. We are of the opinion that the Court erred in sustaining this defense.

In the first place, the terms of the supplemental agreement itself are equivocal and contradictory, for in one paragraph it deprives the party violating the agreement of all his rights and interests in the partnership, while in the next and concluding paragraph this harsh penalty is not imposed upon the offender, but on the contrary his partnership rights and interests are expressly reserved.

Aside from this, however, while a violation of this agreement by plaintiff has been proved, the record fails to establish that defendant in fact exercised his alleged right to exact the forfeiture during the term of the contract. On the contrary, it clearly appears from defendant's own testimony that the contract under which the forfeiture is claimed was subsequently modified, if not wholly cancelled, by the substitution in lieu thereof, from time to time, of a succession of new agreements between the parties the nature and tenor of which are not disclosed. But that these new agreements had the effect of abrogating the penal provision of the former contract, may be readily inferred from the fact that plaintiff, after his alleged violation of that penal clause and until the final completion of the work and the termination of the partnership, continued uninterruptedly to exercise the same rights and prerogatives and to perform the same duties that he had exercised and performed prior to the alleged breach.

And finally the contract was not only partially executed, but in fact practically completed and the term of

the partnership had nearly expired, when the alleged right of forfeiture accrued; and as no injury whatever is alleged or proved to have been incurred by defendant by reason of the breach of the agreement, the case presented is one where the Court, exercising the discretion legally vested in it under such circumstances, should and will abate the penalty, the agreement itself containing no provision to the contrary. R. C. C. 2127.

> McNan vs. Thompson, 5 M., 561; Schadel vs. St. Martin, 11 A., 175; Baron vs. Placide, 7 A., 229; Levy vs. Schwartz, 34 A., 213.

The defendant has annexed to his answer a statement of what purports to exhibit the receipts, expenditures, assets and debts of the partnership, and demands that it be adopted as a basis of settlement. The record, however, shows that it is replete with errors and that the correct account should be as follows:

Received from Concrete Company during the prosecution of the work.....................$6,457.86

Cook's contribution under the partnership agreement ............................. 300.00

Total receipts during work...............$6,757.86

Total payrolls, including cash withdrawals by Brynes and Cook........................$6,692.73

Surplus that should exist in Cook's hands... $65.13

Cook has withdrawn, according to the payrolls, the sum of $363.05, and also the foregoing surplus of $65.13, or a total of $428.18; while Byrnes, according to the payrolls, has withdrawn $90.27 more than Cook, or the sum of $518.45. Therefore, in order to place them on a parity

Cook should receive the sum of $90.27 from the present partnership assets, which consist of a sum deposited in Court by the Concrete Construction Company as the final balance due the partnership under its contract. And there should also be paid from said fund the following debts proved to be due by the partnership:

To Josiah Gross..............$50.00
To Hullard ................... 25.00
To J. Barangue............... 10.00

Total ...................$85.00

In accordance with the partnership contract, the balance of the fund will be ordered divided between plaintiff and defendant in equal portions.

The defendant claims that the amount withdrawn by him as aforesaid during the progress of the work, was expended for the purchase and repair to tools required in the prosecution of the contract, and consequently that this item should not be charged to his individual account, but to the expense account of the partnership. He also claims that he borrowed and expended for account of the firm for the same purpose an additional sum of $675.00.

The claim is without merit. His testimony with reference thereto is most general, vague and uncertain, and moreover, is inconsistent with numerous other facts and incidents established by the record.

His claim for salary is disallowed for the same reason.

Though referred to in the oral argument and in plaintiff's petition, there is nothing in the record pertaining to the pendency or character of a certain suit instituted by the partnership. The right, however, of the parties hereto to determine by proper proceeding their respective interests therein as well as their respective liability for

costs or other expenditures paid or incurred with respect thereto, will be reserved to each of them.

Inasmuch as defendant has unsuccessfully questioned and resisted plaintiff's right to secure an accounting herein, the costs of this proceeding should be borne by him.

It is accordingly ordered that the judgment be reversed and set aside, and that there now be judgment decreeing that out of the fund deposited in the registry of the Court the sum of eighty-five dollars ($85.00), be reserved for the payment of the three creditors named in this opinion; that the sum of ninety and 27/000 dollars ($90.27), be paid the defendant, Joseph A. Cook; and that the balance of said fund be divided between and paid to plaintiff, Henry E. Byrnes, and to defendant, Joseph A. Cook, in equal portions, the said defendant to pay the costs herein incurred in both Courts, and the right of the parties hereto being reserved to determine by proper proceeding their respective interest in, as well as their respective liability for costs or other expenditures paid or incurred with respect to, the pending suit referred to in plaintiff's petition herein as having been instituted by the partnership of H. E. Byrnes & Company.

Opinion and decree, January 26, 1914.

Rehearing refused, February 9, 1914.